#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### CHARLESTON DIVISION

| | |
|---|---|
| Michael Allen Jones, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 2:03-1920-12 |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

On June 9, 2003, pursuant to 28 U.S.C. § 2255, Michael Allen Jones ("petitioner") commenced this pro se action attacking his conviction. On September 17, 2003, the government moved for summary judgment. On October 2, 2003, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On November 10, 2003, the petitioner filed an opposition to the motion for summary judgment and, on September 3, 2004, filed an addendum to his response to the government's motion for summary judgment. This matter is now ready for disposition.

On June 15, 2000, a grand jury indicted the petitioner for armed bank robbery, the use and carrying of a firearm during and in relation to a crime of violence, and felon in possession of a firearm. On June 28, 2000, the petitioner pled not guilty to these charges. On August 1, 2000, the Court issued an order granting a motion for a mental evaluation.[1] On August 10, 2000, in a superseding indictment, the petitioner was charged with an additional count of conspiracy to commit armed bank robbery. On December 8, 2000, the petitioner filed a motion to be tried separately from his co-defendant who is also his brother, Will Jones. On December 28, 2000, the petitioner filed motions to suppress an identification of the petitioner and to suppress

---

[1] The Honorable Falcon B. Hawkins presided over the petitioner's jury trial.

evidence discovered during a search of his co-defendant's vehicle. These two motions were denied on January 4, 2001. On January 10, 2001, the petitioner was charged in a second superseding indictment with an additional count for possession of a firearm with an obliterated serial number.

On February 5, 2001, the jury trial for Will Jones and the petitioner began. On February 9, 2001, the jury found the petitioner guilty of counts one, two, three, four, seven, and eight of the second superseding indictment. On March 9, 2001, following a hearing, G. Wells Dickinson was substituted as the petitioner's counsel, replacing Andrew Grimes. The petitioner filed a motion for a new trial on June 4, 2001 and a second supplemental motion on October 22, 2001.[2] On December 4, 2001, the Court denied the petitioner's motions for a new trial.

On January 31, 2002, the Court sentenced the petitioner to 480 months confinement followed by 5 years of supervised release. The petitioner appealed his conviction and sentence. On February 28, 2002, the Fourth Circuit Court of Appeals issued an order appointing Dickinson as the petitioner's counsel. On September 12, 2002, the Court of Appeals affirmed the conviction and sentence.

The petitioner raises the following claims in his petition:

1. Ineffective assistance of counsel for failing to argue that the indictment was defective because it omitted the citation to the subsection of the statute (18 U.S.C. § 2113(f)) requiring the FDIC to insure the bank which was robbed.
2. Ineffective assistance of counsel due to the lack of counsel's trial experience. As a defense strategy, counsel informed the jury that the petitioner was a convicted

---

[2] The petitioner's motions for a new trial were based on ineffective assistance counsel due to counsel's lack of trial experience (raised by the petitioner pro se) and the Court's allowance of the in-court identification of the petitioner. The Court's order substituting counsel was done to avoid attorney-client conflicts and was not granted on the merits of the motion to substitute counsel.

        felon on parole.
3.     Prosecutorial misconduct for failing to prove jurisdiction in the indictment by not citing the statute (18 U.S.C. § 2113(f)) which requires the FDIC to insure the bank that was robbed.
4.     Prosecutorial misconduct because the government failed to prove that the petitioner possessed a firearm and that possession of the firearm affected interstate commerce.
5.     Counts (3), (4), and (8) of the indictment did not include the make and model of firearm the petitioner possessed.
6.     Abuse of discretion by the Court for failing to sever the petitioner's case from his co-defendant's case.
7.     Abuse of discretion by the Court for allowing the jury to hear evidence of the petitioner's prior crimes.
8.     Abuse of discretion for allowing an in-court identification of the petitioner.
9.     The petitioner's sentence violates the principles set forth in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004).

First, the petitioner claims ineffective assistance of counsel during his trial. In a claim of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984). The <u>Strickland</u> Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

<u>Strickland</u>, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell

below an objective standard of reasonableness.  Id. at 687-88.  Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice.  The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

The petitioner claims his indictment was defective because it listed an essential element to the petitioner's crime, the Federal Deposit Insurance Corporation (FDIC) must insure the bank that was robbed, but it did not cite the corresponding statute 18 U.S.C. § 2113(f) and counsel was ineffective for failing to challenge it on this ground.[3]  "An indictment meets the guarantees of the Fifth and Sixth Amendments if it, first contains the elements of the offense charged, and, second enables [a defendant] to plead acquittal or conviction in bar of future prosecutions for the same offense." United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999)( citing Hamling v. United States, 418 U.S. 87, 117 (1974)).  "Error in the citation or its omission shall not be ground for dismissal of the indictment or information or reversal of conviction if the error or omission did not mislead the defendant to the defendant's prejudice." Fed. R. Crim. P. 7(c)(3) (2001).  Counts (1) and (2) of the second superseding indictment listed the element of section 2113 requiring that the FDIC insure the bank which had been robbed.  18 U.S.C. § 2113(f) (2000).  Counsel's objection to the omission of a citation to section 2113(f) would not have been

---

[3] Counsel states in an affidavit that he challenged Count (7) of the original indictment for failing to allege the *mens rea* element of 26 U.S.C. § 5861(d).  The government agreed with the objection and resubmitted Count (7) to the grand jury.

sustained. Accordingly, the petitioner's failure to challenge the indictment was not ineffective assistance. The petitioner is not entitled to relief on this claim.

Second, the petitioner alleges counsel was ineffective due to his lack of trial experience. This claim is based on counsel informing the jury that the petitioner was a convicted felon released on parol when the offenses occurred. A petitioner challenging a conviction on the ground of ineffective assistance of counsel must overcome a strong presumption that a challenged action by counsel amounted to a trial strategy. Luchenburg v. Smith, 79 F.3d 388, 392 (4th Cir. 1996). Counsel states in an affidavit that he informed the jury the petitioner was on parole when the offense occurred to provide a reason why the petitioner was hiding from the police.

Moreover, evidence of the petitioner's prior convictions would have come in to prove he violated section 922(g)(1). An element of this offense is that prior to possessing a firearm, a defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(g)(1) (2001). Counsel states that the jury would have learned the petitioner was a convicted felon and consequently, he tried to use the fact as part of the petitioner's defense. The petitioner fails to demonstrate that counsel's strategy was unreasonable or that it prejudiced him and is not entitled to relief on this claim.

Third, the petitioner alleges prosecutorial misconduct for not citing 18 U.S.C. § 2113(f) in the indictment. An indictment should not be held insufficient on a motion to vacate a judgment entered upon the indictment unless it is so obviously defective that under no reasonable construction could the indictment have charged the convicted offense. Gibson v. United States, 244 F.2d 32, 34 (4th Cir. 1957). As explained above, the indictment sufficiently

charged the offense under section 2113 and the petitioner is not entitled to relief on this claim.[4]

Fourth, the petitioner claims the government failed to prove to the grand jury and at trial Count (4) of the indictment. Count (4) charged the petitioner for "having been convicted of crimes punishable by imprisonment exceeding one year . . . knowingly did possess in and affecting commerce, a firearm which had been shipped and transported in interstate commerce." The indictment restated the language in 18 U.S.C. § 922(g)(1) (2000).[5]

Two of the elements the government must prove to establish a violation of section 922(g)(1) are: (1) the defendant knowingly possessed, transported, shipped, or received a firearm and (2) the possession was in or affected interstate commerce, because the firearm had traveled in interstate or foreign commerce at some point during its existence. See United States v. Langly, 62 F.3d 602, 606 (4th Cir. 1995). At trial, the government presented evidence that the petitioner possessed a shotgun in South Carolina which was manufactured in Massachusetts.[6] The Court properly charged the jury the elements of section 922(g) and the jury found the petitioner guilty. Sufficient evidence existed to convict the petitioner of being a felon in

---

[4] The petitioner contends in his memorandum supporting his petition that the government did not provide sufficient evidence proving the bank he robbed was a federally insured institution. The petitioner admits, however, that the government presented an affidavit by an FDIC employee who stated the FDIC insured the bank at the time of the robbery, a certificate of proof of insurance by the FDIC, and testimony by an employee of the bank that it was FDIC insured. This evidence is sufficient to indict and convict.

[5] Count (4) also charged the petitioner of having been convicted of three or more prior violent felony convictions and serious drug offenses under section 924(e). At trial, the petitioner waived his right for a jury to find that he had been convicted of three or more prior violent felonies under section 924(e). Accordingly, the government struck this language from the indictment and the Court did not charge the provisions of section 924(e) to the jury.

[6] The jury also convicted the petitioner for possessing a firearm with an obliterated serial number. 18 U.S.C. § 922(k).

possession of a firearm.[7]

The only question which can be presented in a section 2255 action with respect to the sufficiency of an indictment, is whether the indictment adequately charged an offense and not if sufficient evidence supported the indictment. Gibson, 244 F.2d at 34. The petitioner may not challenge the sufficiency of the evidence used to indict him in this action. The indictment listed the elements of a felon in possession of a firearm. Count (4) included the elements to an offense under section 922(g). The Court charged Count (4) to the jury and they found the petitioner guilty of the charge. A guilty verdict by a jury establishes probable cause to indict and renders any error in the grand jury proceedings harmless.[8] United States v. Mechanik, 475 U.S. 66, 70 (1986). The petitioner is not entitled to relief on this claim.

Fifth, the petitioner alleges Counts (3), (4), and (8) of his indictment did not allege the make, model, type, or manufacturer of the firearm each Count charged him with possessing. "An indictment meets the guarantees of the Fifth and Sixth Amendments if it, first contains the elements of the offense charged, and, second enables [a defendant] to plead acquittal or conviction in bar of future prosecutions for the same offense." Wicks, 187 F.3d at 427. An indictment should not be held insufficient on a motion to vacate a judgment entered upon the indictment unless it is so obviously defective that under no reasonable construction could the

---

[7] The petitioner also challenges the conclusion that a defendant can violate section 922(g) by possessing a firearm outside of the state where it was manufactured. Fourth Circuit precedent, however, is clear on this view. See United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001).

[8] The Supreme Court has set aside an antecedent jury verdict because of racial discrimination in the composition of a Grand Jury. Vasquez v. Hillary, 474 U.S. 254 (1986). The Supreme Court, however, limited this result to the special problem of race discrimination. Mechanik, 475 U.S. at 70 n. 2.

indictment have charged the convicted offense. <u>Gibson,</u> 244 F.2d at 34. As demonstrated above, a verdict by a petit jury renders an error in an indictment harmless. <u>Mechanik</u>, 475 U.S. at 70.

The jury convicted the petitioner on Counts (1), (2), (3), (4), (7) and (8). Count (3) charged the petitioner with violating section 924(c)(1)(A). Section 924(c)(1)(A) does not require the government to prove the type of firearm a defendant uses. Count (4) charges a violation of section 922(g)(1) which does not require the government to prove the type of firearm a defendant possesses. Count (8) charges a violation of section 922(k). This section requires the government to prove a firearm's serial number has been obliterated but does not require the government to prove the type of firearm a defendant possesses. All three Counts include the date of the offense and the elements the government is required to prove for a conviction under each statute. The petitioner is not entitled to relief on this claim.

Sixth, the petitioner claims the Court abused its discretion by allowing an in-court identification of him because the witness who identified him at a line up and at trial had seen his picture on the news prior to identifying him in the line up. The petitioner raised this issue on direct appeal. The Fourth Circuit Court of Appeals reviewed the Court's pretrial hearing which decided the admissibility of the identification and found that it revealed no question of reliability of the teller's identification.[9] A petitioner may not collaterally attack issues which have been litigated and resolved on direct appeal. See <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir. 1976).

---

[9] The petitioner failed to produce the line up on appeal, and the Court of Appeals, consequently, did not have the opportunity to review the line up to determine whether it was improperly suggestive. The Court of Appeals, however, reviewed the pretrial hearing and found no reason to question the reliability of the teller's identification. <u>United States v. Jones</u>, No. 02-4127 (4th Cir. Sept. 6, 2002).

Moreover, Ms. Bunch, the bank teller who identified the petitioner at trial, gave an accurate description of the petitioner soon after the robbery and was certain of her identification of the petitioner in the photo line up which occurred one week after the robbery. The petitioner is not entitled to relief on this claim.

Seventh, the petitioner raises two other allegations of abuse of discretion by the Court. The petitioner claims the Court abused its discretion by denying the motion to sever and by allowing the jury to hear evidence of his prior crimes. The petitioner raises these claims for the first time in this action. The government alleges, consequently, that the petitioner has procedurally defaulted these claims.

Claims not raised on direct appeal cannot be raised for the first time on collateral review. See Davis v. United States, 417 U.S. 333, 345-46 (1974). An exception to this rule occurs when a petitioner can show cause and prejudice or that a miscarriage of justice would result if the claim was not heard. See Bousely v. United States, 523 U.S. 614, 621 (1998). While the petitioner makes broad allegations that the joint trial and the admission of his prior conviction prejudiced him, he does not allege the cause of his failure to raise these claims on direct appeal or that a miscarriage of justice would result if the Court did not hear the claim. See Bousely, 523 U.S. at 621. The petitioner, therefore, is procedurally barred from raising these abuse of discretion claims now.

Moreover, these abuse of discretion claims are without merit. The petitioner claims the Court should not have tried him with Will Jones because the jury learned of Will Jones's prior conviction for domestic violence through a police officer who identified Will Jones as driving the defendants' get away car and who had also previously arrested Will Jones on the domestic

violence charge. This evidence, the petitioner claims, would not have been admitted in an individual trial and prejudiced him. The petitioner also claims that the government's evidence was much stronger against Will Jones causing a spill over effect which damaged the petitioner's credibility.

Defendants who are alleged to have participated in the same series of acts constituting an offense may be indicted together. Fed. R. Crim. P. 8(b) (2001). Absent unusual circumstances, individuals indicted together should be tried together. See United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981). The petitioner and Will Jones were charged in the same indictment for robbing a bank. The record reveals that they fled the scene in the same vehicle. The police subsequently spotted the defendants in the vehicle and a high speed chase ensued. During the chase, the defendants fired at the police. The vehicle subsequently wrecked and both defendants attempted to escape on foot. All of the charges against them arose from this series of events. The petitioner and Will Jones participated in the same series of acts constituting the offenses they were indicted for. The decision to join these two defendants was proper.[10]

A court may order separate trials if consolidation appears to prejudice a defendant. See Fed. R. Crim. P. 14 (2001). Only a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent a jury from making a reliable judgment about guilt

---

[10] Will Jones was caught first, and on the way to the hospital, admitted to robbing a bank but claimed the petitioner forced him to do so. Counsel filed motions to sever the case claiming that because of Will Jones's confession, a joint trial would violate the petitioner's rights under the Confrontation Clause. In addition, counsel claimed Will Jones's plan to offer a defense that the petitioner forced him to rob the bank would prejudice the petitioner in a joint trial. The jury, however, did not hear Will Jones's confession and Will Jones did not allege at trial that the petitioner forced him to rob the bank. With this understanding, the trial court properly denied the petitioner's motion to sever the case and did not abuse its discretion.

or innocence" constitutes prejudice under Rule 14. <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993).

The Fourth Circuit Court of Appeals has held that the prejudicial effect of the necessary introduction of a defendant's past criminal conduct can be avoided through a limiting jury instruction. See <u>United States v. Silva</u>, 745 F.2d 840, 843 (4th Cir. 1984). This holding would likely apply to the introduction of a co-defendant's past criminal conduct. Similarly, the Fourth Circuit has held that a stronger case against a co-defendant is not grounds for severance when the case is not complicated and the possible spill over effect is cured by a limiting instruction. See <u>United States v. Smith</u>, 44 F.3d 1259, 1266 (4th Cir. 1995). Both of the petitioner's grounds for severance, therefore, may be cured by a limiting instruction.

The trial judge charged the jury:

> [t]he charges have been joined for a trial[;] you must decide the case of each Defendant on each crime charged against that Defendant separately. . . . [y]our verdict on any count as to any Defendant should not control your verdict on any other count or as to any other Defendant.

This instruction cured any possible prejudicial effect caused by the joint trial. See <u>Zafiro</u>, 506 U.S. at 540-541. The petitioner is not entitled to relief on his claim the Court abused its discretion by refusing to sever his trial.

Second of the petitioner's new abuse of discretion claims is that the Court improperly allowed the jury to hear evidence of his prior crimes. The grand jury charged the petitioner with being a felon in possession of a firearm in violation of section 922(g)(1). This section requires proof that the petitioner had been convicted of a felony. <u>United States v. Langly</u>, 62 F.3d 602, 606 (4th Cir. 1995). In order to prevent the jury from hearing evidence of the petitioner's prior crimes, counsel stipulated that the petitioner had been convicted of a prior felony. In addition,

counsel told the jury the petitioner was on parole at the time of the offense to provide a reason why the petitioner was hiding from the police. The Court did not abuse its discretion by allowing the jury to hear evidence of the petitioner's prior crimes. Moreover, the Court instructed the jury that "you should not conclude that because the Defendant may have committed a crime in the past, he committed the offenses for which he is currently charged." This claim is without merit.

The petitioner has procedurally defaulted these abuse of discretion claims and they are each without merit. As a result, the petitioner is not entitled to relief on these claims.

Finally, the petitioner claims that his sentence violates the principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004). Recently, the United States Supreme Court reaffirmed those principles. See United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). Here, the petitioner's case has run its course and his conviction and sentence became final in 2002, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id.

The Court therefore grants the government's motion for summary judgment and dismisses this petition.

       **AND IT IS SO ORDERED**.

*C. Weston Houck*
_____

June 22, 2005        **C. WESTON HOUCK**
Charleston, South Carolina        **UNITED STATES DISTRICT JUDGE**